[No. 10,973. In Bank. — April 28, 1884.]

## EX PARTE JOHN KELLY ON HABEAS CORPUS.

CRIMINAL LAW — HABEAS CORPUS — BATTERY — PUNISHMENT — JURISDICTION. — The petitioner was convicted of battery by a justice of the peace for the township of Los Angeles, and adjudged to pay a fine of six hundred and fifty dollars, or be imprisoned in the county jail until the fine be paid in the proportion of one day's imprisonment for every dollar of the fine, and that while so imprisoned he perform labor on the streets or other public works of the city of Los Angeles. *Held*, that the portion of the judgment requiring the performance of labor on the streets or other public works of the city of Los Angeles was beyond the jurisdiction of the justice, and therefore void.

ID. — JUDGMENT VOID IN PART. — On an application for a writ of habeas corpus, the judgment under which the prisoner is held is a unit, and if one portion of it is without the jurisdiction of the court which made it, the whole is void.

ID. — CHARTER OF LOS ANGELES. — The sixth section of the Act of 1872, amending the charter of the city of Los Angeles, has reference only to cases where the penalty is solitary confinement in the county jail.

APPLICATION for writ of habeas corpus. The facts are stated in the opinion of the court.

*J. F. Godfrey,* for Petitioner.

*S. M. White,* District Attorney, *contra.*

THORNTON, J.—Application for writ of habeas corpus.

The petitioner was accused and convicted of a battery, and the court rendered the following judgment:—

" In the court of the justice of the peace for the township of Los Angeles: In the county of Los Angeles, State of California: R. A. Ling, J. P.

"The people of the State of California, to the sheriff of the county of Los Angeles, greeting.

" Whereas, John Kelly has this day been convicted before me, R. A. Ling, justice of the peace for the township of Los Angeles, county of Los Angeles, and State of California, of the crime of battery committed in said Los Angeles Township, on or about the 3d day of April, A. D. 1884. And whereas, upon such conviction I did consider and adjuge that for said offense the said John Kelly be fined in the sum of six hundred and fifty dollars, or be imprisoned in the county jail of said Los Angeles County in the proportion of one day's imprisonment for every dollar of the fine until the fine be satisfied, not exceeding six hundred and fifty days, and the defendant to be discharged on payment of such portion of said fine not satisfied by imprisonment at the rate above specified. And whereas, the said John Kelly although requested to pay said fine has not paid the same, these are therefore to command you, the said sheriff, to take and receive the said John Kelly and imprison him in the county jail of Los Angeles County, in the proportion of one day's imprisonment for every dollar of the fine, until said fine be satisfied, not exceeding six hundred and fifty days, and the defendant to be discharged on payment of such portion of said fine not satisfied by imprisonment at the rate above prescribed. And the said defendant while so imprisoned, perform labor on the streets or other public works of the city of Los Angeles.

" Given under my hand at the township of Los Angeles, in the county of Los Angeles, this 4th day of April, A. D. 1884.

"R. A. LING,

" Justice of the Peace in and for Los Angeles Township and County, and State of California."

Battery is a misdemeanor and "is punishable by fine not exceeding one thousand dollars, or by imprisonment in the county jail not exceeding six months, or by both." (Pen. Code, § 243.)

It was manifestly not the intention of the justice of the peace who tried the cause to impose both fine and imprisonment as a penalty. If that had been his intention he would not have provided in the judgment for the discharge of the defendant on payment of the fine, or such portion of it as remained unsatisfied, after crediting the defendant with that portion of the imprisonment suffered, at the rate of one dollar a day.

It was clearly the intent to impose a penalty of a fine, and in case it was not paid, imprisonment until the fine was satisfied at the rate indicated in the judgment. This is justified by section 1446 of the Penal Code, which reads as follows : "A judgment that the defendant pay a fine, may also direct that he be imprisoned until the fine be satisfied, in the proportion of one day's imprisonment for every dollar of the fine." This section of the statute certainly allowed a substituted mode of paying the fine, and it may well be styled a substituted punishment in case of non-payment, qualified as to payment and discharge of the defendant as in the judgment entered in this case.

But this statute nowhere allows any addition to this substituted mode of payment. We look in vain to find any authority in any tribunal, in the Penal Code or any other Codes, to annex to this substitution of incarceration for coin, any other punishment. We find no power in the justice to add, as is done by the judgment, that defendant while so imprisoned, perform labor on the streets or other public works of the city of Los Angeles.

This portion of the judgment is clearly beyond and outside the jurisdiction of the tribunal which rendered it.

Now the judgment is a unit, and if one portion of it is without the jurisdiction of the justice, the judgment is void. We see no authority in this court on this proceeding, to hold a portion of a judgment surplusage, because not authorized by law to exscind such portion from the judgment, and order what remains to be carried into execution. The judgment must be passed on as a whole, and if any material portion of it is in excess of the jurisdiction of the court, the judgment is void.

Further, what authority has this court to say on an application for a discharge under the writ of habeas corpus that the judgment of the court is any other than the judgment rendered? If we have authority to exscind one portion, what portion shall it be? What portion shall be held to be the judgment of the justice and what portion not? The judgment entry comes before us as one thing, one portion as well attested as the other, and as such we must construe it, and if one portion of the judgment is without authority of law, we have no power under this writ, whatever may be the power of the court on an appeal, to exscind a portion of the judgment and hold what remains to be the judgment of the court.

It follows from what has been said above that the petitioner is entitled to be discharged.

On the argument our attention was called to the sixth section of the Act of 1872. The Act is entitled "an act to amend the charter of the city of Los Angeles," and was approved February 20, 1872. (See Acts 1871–72, p. 129.) The sixth section has no reference to the case of a judgment imposing the penalty of a fine and imprisonment until the fine be satisfied at a certain rate per day. It only has reference to a case where the penalty is solitary confinement in the county jail.

It was contended before us that the section above mentioned has been some time ago repealed. As to this we say nothing. It is unnecessary to pass on this point.

The prisoner is entitled to his discharge, and it is so ordered.

SHARPSTEIN, J., McKINSTRY, J., and McKEE, J., concurred.