(17 Misc. Rep. 712.)

### PEOPLE ex rel. GATELY· v. SAGE.

(Westchester County Court. August, 1896.)

1. CRIMINAL LAW—SENTENCE—IMPRISONMENT AND FINE.
　　Pen. Code, § 221, providing for "imprisonment in a penitentiary or state prison for a term not exceeding five years, or a fine of not more than $1,000, or both," authorizes imprisonment for nonpayment of the fine imposed in addition to the absolute imprisonment, though such additional imprisonment makes a lesser offense equal in punishment to a greater.

2. SAME—CONFINEMENT IN STATE PRISON.
　　A court, in sentencing a defendant to a state prison and to pay a fine, cannot impose imprisonment in the state prison as an alternative to the payment of the fine, as Code Cr. Proc. § 487, provides that, if a judgment be a fine, and imprisonment until it is paid, defendant must forthwith be committed to the custody of the proper officer, and by him detained until the judgment is complied with; and section 488 provides that in such a case "the judgment must be executed by the sheriff of the county" in which conviction was had.

Application by Frank Gately for a writ of habeas corpus to Omar V. Sage, warden of the state prison at Sing Sing, to inquire into the legality of relator's imprisonment. Granted.

Francis Larkin, for relator.
Foster L. Backus, Dist. Atty., for respondent.

LENT, J. The relator was convicted of assault in the second degree, and on the 30th day of December, 1892, sentenced to be "imprisoned in the state prison at Sing Sing, at hard labor, for the term of five years, and pay a fine of $730, and in default of said payment of

said fine that he be further imprisoned in said state prison, at Sing Sing, until said fine be paid, not exceeding 730 days in addition to the said term of five years." The relator has not paid the fine. He earned and received the commutation provided by chapter 21, Laws 1886, and, except for the fine, would have been entitled to his discharge on the 30th day of July, 1896. Whether or not he may be kept in the state prison for nonpayment of the fine is the question presented upon this application.

At the time the sentence was imposed, the Penal Code (section 221) fixed the punishment for the crime of which the relator was convicted at "imprisonment in a penitentiary or state prison for a term not exceeding five years, or a fine of not more than $1,000, or both." Counsel for the relator insists that, conceding the power in the court to imprison in default of the payment of a fine, such imprisonment must commence to run at the same time as the absolute imprisonment, so that the punishment should not altogether exceed five years; in other words, that the clause "imprisonment in a penitentiary or state prison for a term not exceeding five years," controls the meaning of the whole section, and that, when the maximum period of absolute imprisonment is imposed, the imposition of a fine has no effect. In support of his theory he calls attention to section 220 of the Penal Code, which fixes 10 years as the limit of punishment for assault in the first degree, making the extreme term of actual service, allowing the commutation for good behavior, six years and six months; whereas the five years' absolute imprisonment and the fine of $1,000 would make an aggregate of actual service in prison of six years and four months, —there being no commutation allowed upon the term required to be served for nonpayment of a fine; and that the legislature could never have intended that for the lesser offense one should be punished with practically the same severity as for the greater. I entertain no doubt, however, that section 221 gives the court power to sentence for a term of five years, and to impose imprisonment for nonpayment of a fine in addition to the absolute imprisonment. People v. Sutton (Sup.) 6 N. Y. Supp. 95. The precise question here raised seems not to have been passed upon in any reported case in this state, and I am left to such construction of the statutes as seems to me just and reasonable. The imprisonment, in a case like this, must be inflicted by confinement at hard labor in a state prison. Pen. Code, § 704. I am unable to find any warrant whatever for confinement of a defendant at hard labor in a state prison as an alternative to the payment of a fine. Section 484 of the Code of Criminal Procedure provides that where a fine is imposed the judgment may direct that the defendant be imprisoned until the fine be satisfied, specifying the extent of the imprisonment, which cannot exceed one day for every dollar of fine. Section 487 of the same Code provides that, if the judgment be imprisonment, or a fine and imprisonment until it be paid, the defendant must forthwith be committed to the custody of the proper officer, and by him detained until the judgment be complied with. And section 488 provides that when the "judgment is imprisonment in a county jail, or a fine, and that the defendant be imprisoned until it be paid, the judgment must be executed by the sheriff of the county. In all

other cases, when the sentence is imprisonment, the sheriff of the county must deliver the defendant to the proper officer in execution of the judgment." The last section seems to me conclusive as to the power of the court in the matter of fines. When the judgment is a fine, and that the defendant be imprisoned until it be paid, the judgment must be executed by the sheriff of the county. The part of this judgment relating to the fine comes within the second class described in sections 487 and 488, and must be executed by the sheriff of the county in which the conviction is had. In such case there is no authority for the sheriff to deliver the defendant to any officer, nor is there authority for another officer to hold, because he has been in his custody by virtue of the imposition of another sentence, the term of which has expired. Had the judgment in this case imposed the fine in addition to the imprisonment, and followed the language of section 484, by directing that in default of payment the relator be imprisoned until the fine be satisfied, not exceeding one day for every dollar of the fine, I think the relator, at the expiration of the term of absolute imprisonment, should have been delivered up to the sheriff of Kings county, and detained by him until payment of the fine, or until the expiration of the 730 days. I am in some doubt as to whether the order should direct that the relator be absolutely discharged, or direct that he be delivered to the sheriff of Kings county. People v. Kelly, 97 N. Y. 212. That the court had authority to impose the fine is, in my opinion, unquestionable; and it may be that, were the relator delivered to the sheriff, the county court of Kings county could make the necessary change in the judgment. But the relator has already served the maximum term of absolute imprisonment. I have no power to modify the sentence so that it shall conform to the provisions of section 484, Code Cr. Proc., and I am not certain that the court would have imposed the fine had it been understood that the relator could not be kept in state prison for nonpayment. For these reasons I think it proper that his absolute discharge should be ordered.

I am confirmed in the foregoing views—as to the lack of power to impose imprisonment in state prison, and as to the propriety of directing the relator's absolute discharge—by the cases of Ex parte Kelly, 65 Cal. 154, 3 Pac. 673, and Ex parte Arras, 78 Cal. 304, 20 Pac. 683. Kelly was convicted and sentenced under section 243 of the California Penal Code, which makes battery a misdemeanor, and punishable by fine not exceeding $1,000, or by imprisonment in the county jail not exceeding six months, or by both. Section 1446 of the Penal Code of that state is almost identical with the last sentence of section 484 of our Code of Criminal Procedure. It reads as follows:

"A judgment that the defendant pay a fine may also direct that he be imprisoned until the fine be satisfied in the proportion of one day's imprisonment for every dollar of the fine."

As to the force of this section the court say:

"This section of the statute certainly allowed a substituted mode of paying the fine, and it may well be styled a substituted punishment in case of nonpayment, qualified as to payment and discharge of the defendant as in the judgment entered in this case. But this statute nowhere allows any addition

to this substituted mode of payment. We look in vain to find any authority in any tribunal, in the Penal Code, or any other codes, to annex to this substitution of incarceration for coin any other punishment. We find no power in the justice to add, as is done by the judgment, that defendant, while so imprisoned, perform labor on the streets or other public works of the city of Los Angeles. This portion of the judgment is clearly beyond and outside the jurisdiction of the tribunal which rendered it."

In the Arras Case the question was as to the power of the court to impose imprisonment in state prison for nonpayment of a fine under the section of the Penal Code which imposed imprisonment in state prison or in a county jail not exceeding two years, or a fine not exceeding $5,000, or both, for assault with a deadly weapon. It was held that, "if a fine be imposed in addition to the sentence of imprisonment, it is beyond the power of the court to adjudge that it be enforced by further imprisonment in the state prison," and that "a prisoner confined in the state prison after he has served the full term of imprisonment adjudged as a punishment, and who is being held and imprisoned at hard labor solely for the purpose of collecting a fine imposed as part of the punishment, will be discharged on habeas corpus."

An order may be entered directing the relator's discharge. Relator discharged.