### UNITED STATES v. ALEXANDER.

Third Division. Valdez. March 6, 1923.

No. 886–C.

**1. Criminal Law ⬅⬆90(2)—Courts—Intoxicating Liquor—Justice of the Peace.**

     Justice courts in Alaska have no jurisdiction of offenses under the National Prohibition Act (27 USCA).

**2. Criminal Law ⬅⬆260(4)—Appeal and Error—Courts.**

     Since justice courts in Alaska have no jurisdiction to try offenses under the National Prohibition Act (27 USCA), no jurisdiction in such cases is conferred on the district court by an appeal from a justice court.

Sherman Duggan, U. S. Atty., of Ketchikan, J. A. Hurley, U. S. Atty., of Fairbanks, and Harry G. McCain, U. S. Atty., of Ketchikan.

L. V. Ray, of Seward, for defendant.

⬅⬆See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

RITCHIE, District Judge. A complaint was filed against the defendant in justice's court of Kenai precinct, charging him with violation of the National Prohibition Act (27 USCA). Judgment was rendered against him, and the case was appealed to the district court. In this court the defendant filed a demurrer on the ground that the justice's court in Alaska has no jurisdiction of offenses under the National Prohibition Act. If this contention is true, the district court has no jurisdiction of appeals from justice's court in cases under that act, since the appellate jurisdiction of the district court is dependent upon the original jurisdiction of the court below.

It is fundamental that no court has any jurisdiction, except such as is expressly conferred upon it by law, other than those general powers inherent in all courts. Its jurisdiction of causes, both civil and criminal, must be the creation of law. This argument is hardly necessary, or citation of authority, to sustain this view. The question was discussed at great length by Chief Justice Marshall in Marbury v. Madison, 1 Cranch, 137, 2 L. Ed. 60. Since that time few decisions have discussed this point because a discussion seemed superfluous. Occasionally, reference to the rule is made, but nothing further. For example, in Sheldon v. Sill, 8 How. 441–449 (12 L. Ed. 1147), Mr. Justice Grier says:

"Courts created by statute can have no jurisdiction, but such as the statute confers."

The criminal jurisdiction of justice's courts in Alaska is defined in section 2519 of the Alaska Code, as follows:

"First. Larceny, where the punishment therefor may be imprisonment in the county jail or by fine.

"Second. Assault, or assault and battery, not charged to have been committed with intent to commit a felony, or in the course of a riot, or with a dangerous weapon, or upon a public officer in the discharge of his duties.

"Third. Of any misdemeanor punishable by imprisonment in the county jail, or by fine, or by both."

Section 2517 of the Code provides:

"That the judge of the district court * * * may appoint commissioners, * * * who shall perform the duties and exercise the powers conferred upon justices of the peace *by this act*."

It is contended that jurisdiction of first offenses under the Volstead Act is given by clause 3, just quoted, because the pen-

alty for a first offense is a fine of not more than $1,000, or imprisonment not exceeding 6 months. This contention appears to me to evade an important factor. The jurisdiction given justice's courts in Alaska is under the Alaska Code exclusively, an act of Congress passed for Alaska alone. The question involved in this case is whether the provision quoted can be extended to cover offenses denounced by congresssional laws of universal application.

District Courts of the United States are given jurisdiction by Judicial Code, § 24 (28 USCA § 41 [U. S. Comp. St. § 991]), "of all crimes and offenses cognizable under the authority of the United States." The district court of Alaska has all the jurisdiction of a United States District Court. Necessarily, therefore, it has jurisdiction of all federal offenses, whether defined before or after the enactment of the Judicial Code.

Nowhere in the National Prohibition Act is jurisdiction conferred upon any court, except inferentially by section 2. The jurisdiction of the United States District Courts in their general jurisdiction, defined in the Judicial Code. Section 2 of title 2 of the act (27 USCA § 11) provides that:

"The Commissioner of Internal Revenue, his assistants, agents, and inspectors shall investigate and report violations of this act to the United States attorney for the district in which. committed, who is hereby charged with the duty of prosecuting the offenders, subject to the direction of the Attorney General, as in the case of other offenses. against the laws of the United States; and such Commissioner of Internal Revenue, his assistants, agents, and inspectors may swear out warrants before United States commissioners or other officers or. courts authorized to issue the same for the apprehension of such offenders, and may, subject to the control of the said United States attorney, conduct the prosecution at the committing trial for the purpose of having the offenders held for the action of a grand jury."

This section just quoted clearly contemplates prosecutions in United States District Courts. Otherwise, why the provision for swearing out warrants before United States commissioners for the purpose of having the offenders held for the action of a grand jury. The conclusion is irresistible to my mind that Congress never contemplated that prosecutions should be carried on anywhere other than in the federal District Courts. This view is confirmed by section 3 of the Supplemental Prohibition Act (27 USCA § 2), which provides as follows:

"That this act and the National Prohibition Act shall apply, not only to the United States, but to all territory subject to its jurisdic-

ion, including the territory of Hawaii and the Virgin Islands; and jurisdiction is conferred on the courts of the territory of Hawaii and the Virgin Islands to enforce this act and the National Prohibition Act in such territory and islands."

No reference is made in this act to Alaska, nor does the section quoted convey any suggestion that jurisdiction of the National Prohibition Act is conferred upon any court but courts of record.

Upon the ground, therefore, that no jurisdiction of the National Prohibition Act is expressly conferred upon justice's courts in Alaska, and that sections 2517 and 2519 of the Alaska Code by fair construction confine the criminal jurisdiction of such courts to violation of territorial laws, I am led to the conclusion that justice's courts in Alaska have no jurisdiction of offenses under the National Prohibition Act, and, since they have none, no jurisdiction in such cases is conferred on the district court by an appeal. It is hardly necessary to add that the failure to demur to the jurisdiction in the lower court does not prevent the question from being raised in this court. If this court has no jurisdiction, for the reasons stated, the exception can be taken at any time.

The demurrer is sustained.