## STARKLOF v. UNITED STATES.
### No. 7953.

Circuit Court of Appeals, Ninth Circuit.
Jan. 13, 1936.

Harry G. McCain, of Ketchikan, Alaska, and George B. Grigsby, of Juneau, Alaska, for appellant.

Wm. A. Holzheimer, U. S. Atty., and Geo. W. Folta, Asst. U. S. Atty., both of Juneau, Alaska, for appellee.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from an order made in a habeas corpus proceeding remanding the petitioner to custody for imprisonment in the federal jail at Ketchikan, Alaska, to serve a sentence of 150 days imposed by J. A. Peters, United States Commissioner and ex officio justice of the peace in and for Craig Precinct, First Division, Territory of Alaska. The sole question involved is the jurisdiction of the justice of the peace.

The petitioner was charged in a complaint filed before the justice with the possession of 57 unsealed beaver skins in violation of the Alaska game law (43 Stat. 739, 46 Stat. 1111, 48 U.S.C.A. § 192 et seq.). To this count of the complaint appellant pleaded guilty and was sentenced to be confined for 150 days. On the other count he was adjudged guilty and sentenced to pay a fine of $300 to the United States. This count was not involved upon the habeas corpus proceeding and for that reason will be ignored in a discussion of the case.

The petitioner contends that although a United States Commissioner acting as ex officio justice of the peace has jurisdiction of misdemeanors, that this jurisdiction does not extend to misdemeanors defined by an act of Congress, but that jurisdiction over such offenses is exclusive in the District Court of the United States in the four divisions of the Territory of Alaska. In order to pass upon the question, it will be necessary not only to consider the existing legislation on the subject, but to trace the history of such legislation. By Act of Congress May 17, 1884 (23 Stat. 24) it was provided (section 5) that commissioners should exercise the same powers as justices of the peace under the general laws of Oregon "so far as the same may be applicable in said district, and may not be in conflict with this act or the laws of the United States." In 1899 Congress enacted the Alaska Criminal Code (Act March 3, 30 Stat. 1253), conferring jurisdiction upon justices of the peace, and by subdivision 3 of section 410, p. 1330, giving jurisdiction to said justices' court "of any misdemeanor punishable by imprisonment in the county jail, or by fine, or by both." Compiled Laws of Alaska, 1913, p. 773, § 2519, Comp. L.Alaska, 1933, p. 1042, § 5677. In 1900 Congress enacted a statute defining jurisdiction of the courts sitting in Alaska (Act June 6, 1900, 31 Stat. 321). These statutes are broad enough in their terms to confer jurisdiction upon the justice of the peace over the misdemeanor in question. It is contended by petitioner, however, that inasmuch as Congress has reserved legislative jurisdiction over the subjects of game and fur-bearing animals and birds of the territory of Alaska that when such reserved jurisdiction is exercised by Congress and when the purpose of the prosecution of a criminal case is to enforce the penalties of such legislation, jurisdiction thereof is confined to the District Court of the United States and does not extend to the Commissioner as ex officio justice of the peace. If there is any basis for this distinction, it must be found in the laws of the territory or of the United States, defining the jurisdiction of the Alaskan courts. Appellant points out no such law, but bases his argument on general considerations growing out of the segregation of legislative power over the territory of Alaska between the Congress of the United States and the Legislature of Alaska under its delegated legislative power. The contention advanced by the petitioner has some support in United States v. Bozaravitch, a decision rendered by the District Court of the United States for Alaska, in the Fourth Division, decided February 14, 1910, by District Judge Lyons and reported in 4 Alaska, 37. Judge Lyons held that notwithstanding the fact that jurisdiction over misdemeanors was given in general terms to a justice of the peace in Alaska there was an implied reservation to that jurisdiction growing out of the fact that in Alaska there were two types of legislative authority exercised by Congress and enforceable in its courts, one legislation by the Congress expressly for the government of Alaska, analogous to legislation by a state Legislature under its independent legislative power; the other, legislation passed by Congress under its general legislative power conferred upon it by the Constitution for the whole of the United States, as distinguished from its special legislative authority over the territories. It may be added that there is now a third type of legislation applicable to Alaska, namely, that enacted by the territorial Legislature under its delegated power. Judge Lyons held that the United States Commissioner sitting as justice of the peace had jurisdiction under section 410 of the Criminal Code for Alaska (30 Stat. p. 1330, § 410) only of misdemeanors defined by Con-

gress in laws enacted for the government of Alaska and that as to the general penal provisions of the statutes of the United States elsewhere applicable the justice of the peace had no jurisdiction. This view was adhered to by United States District Judge Ritchie in the case of U. S. v. Alexander, 7 Alaska, 28, decided March 6, 1923, after the Legislature of Alaska had been established. He held that the jurisdiction of justice courts in Alaska did not extend to misdemeanors punishable under the National Prohibition Act. This decision was based in part upon the legislation applicable to the courts of Alaska and in part upon the terms of the National Prohibition Act itself conferring jurisdiction upon the courts of the United States. These considerations are not applicable here. The judge expressed the opinion arguendo that "jurisdiction given justice's courts in Alaska is under the Alaska Code exclusively, an act of Congress passed for Alaska alone. The question involved in this case is whether the provision quoted can be extended to cover offenses denounced by congressional laws of universal application." This decision is predicated in part on the proposition that the District Courts of the United States are given exclusive jurisdiction by the Judicial Code "of all crimes and offenses cognizable under the authority of the United States" (28 U.S.C.A. § 41 (2), the court holding that under this section jurisdiction was conferred upon the District Court of the United States.

We need not inquire as to the correctness of these two decisions, for in any view of the case we are not dealing here with the general law of the United States protecting fur-bearing animals, but with an act of Congress expressly regulating that matter in and for the Territory of Alaska. It is as local in character as though it had been passed by the territorial Legislature had Congress not reserved that power.

In The Tokai Maru, 4 Alaska, 311, Judge Cushman, then United States District Judge for Alaska, sitting in the Third Division, held that a justices' court had jurisdiction over an offense committed in Alaskan waters in violation of an act of Congress, 34 Stat. 263, prohibiting such fishing in such waters. If the decision of Judge Cushman in that case is correct, as we think it clearly is, the contention of the appellant cannot be sustained. A companion case to that decided by Judge Cushman in The Tokai Maru, supra, was appealed to this court, 190 F. 450, 457. The validity of the decision of the justice of the peace and of his jurisdiction was involved, but the majority of the court found it unnecessary to pass upon that question. Judge Morrow, who dissented, expressed the opinion that "the justice's court had no jurisdiction of the case against the officers and crew of the vessel under the act of June 14, 1906."

In this connection it should be observed that the act of Congress of March 3, 1899, which conferred jurisdiction upon justices of the peace to try misdemeanor cases, also dealt with the subject of protection of game and fish and fixed punishments for violation of such laws at fine and imprisonment, and that jurisdiction over these offenses by reason of the punishment was expressly conferred upon the justices' court. Alaska Criminal Code, 30 Stat. 1279, § 173; p. 1281, § 183; p. 1282, § 184; p. 1330, § 410 (Comp.Laws Alaska 1913, §§ 2053, 2063, 2065, 2519).

The justice of the peace had jurisdiction to enforce the sentence here involved and the order remanding the appellant to custody is correct.

Judgment affirmed.