**Richard McNAIR, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 14178.**

United States Court of Appeals
Ninth Circuit.

Sept. 10, 1954.

Rehearing Denied Dec. 7, 1954.

Justice of the Peace,[1] entered a judgment of conviction under Section 7 of the Alaska Game Laws and Regulation 46.105, for killing a bull moose in closed season. Fine and imprisonment were imposed.

McNair gave oral notice of appeal at that time, as permitted by the statute,[2] and deposited an undertaking for appearance which, in effect, vacated the judgment, and the appeal was allowed. The statute provides, " * * * the Justice must make the proper transcript and deliver it to the Clerk of the District Court within ten days after the appeal is allowed * * *."[3] The Commissioner, acting as Justice, in the time prescribed after allowance delivered the transcript in this case to the clerk. The statute provides further, "That from the filing of the transcript with the clerk of the district court the appeal is perfected, and the action is to be deemed pending therein and for trial upon the issue tried in the justice's court."[4] The District Judge dismissed the appeal upon the ground that the transcript had not been filed inasmuch as no filing fee was paid. The dismissal was error. The delivery of the transcript to the clerk was a filing thereof. There is no provision in the statutes or rules which requires a payment of a fee for filing the transcript in a criminal appeal from a judgment of the Commissioner.[5]

The District Court assumed to enter a judgment of conviction and sentence. This was a finality and properly before this Court. The judgment is set aside with direction to the District Court to try the action de novo.

Warren A. Taylor, Fairbanks, Alaska, Eugene V. Miller, Sacramento, Cal., for appellant.

Theodore F. Stevens, U. S. Atty., George M. Yeager, Asst. U. S. Atty., Fairbanks, Alaska, for appellee.

Before BONE, ORR and FEE, Circuit Judges.

JAMES ALGER FEE.

The Court of the Commissioner, Fairbanks Precinct, Territory of Alaska, which for these purposes is that of a

1. Starklof v. United States, 9 Cir., 81 F. 2d 328.

2. Section 69–6–2, A.C.L.A. 1949.

3. Section 69–6–4, A.C.L.A. 1949.

4. Section 69–6–8, A.C.L.A. 1949.

5. Rules 4 and 6 of the Rules of Procedure for Trials before Commissioners have no application, since these relate to commissioner's courts in the states, while the Commissioners under the law of the Territory of Alaska are sui generis. Sections 55–11–82 and 55–11–86, A.C.L.A. 1949, quoted by appellee, relate to civil cases. So do 28 U.S.C.A. § 604 and 28 U.S.C.A. §§ 1914, 1917. Bulletin No. 268, Revised, of the Administrative Office of the United States Courts, dated December 13, 1949 and set out in full by appellee, relates expressly to civil cases alone. Rule 37, Federal Rules of Criminal Procedure, 18 U.S.C.A., does not apply since this provision relates to appeals from the United States District Courts to the United States Courts of Appeal.