## JAMES FEELEY'S CASE.

An appellate court can inflict no higher penalty for an offence than could by law be imposed by the court appealed from ; and if that court could punish only by fine *or* imprisonment, the court appealed to, although it may have a larger original jurisdiction, cannot sentence the offender to fine *and* imprisonment.

And where such sentence has been imposed and the fine paid, this court, in the exercise of its discretionary powers, may discharge the prisoner on *habeas corpus*, although for an error in the judgment of the court below, a writ of error is the ordinary remedy.

THIS was a petition for a writ of *habeas corpus*. The peti· tioner represented that on the 27th of September, 1853, he was brought before the police court of Boston, by virtue of a warrant in due form of law, issued by said court upon a complaint under oath, setting forth an assault and battery by him on Ellen McCloud ; and that the said assault and battery were not committed with intent to commit any other offence, nor with a weapon dangerous to life, and that the life of said Ellen was not endangered thereby, and that she was not thereby maimed. He further represented, that on said complaint he was found guilty and sentenced to pay a fine of twenty-five dollars and costs of prosecution, and stand committed until sentence be complied with, or he be discharged in due course of law; from which sentence he appealed to the municipal court of the city of Boston, and recognised to prosecute his appeal; that said appeal was duly entered at the October term of the municipal court, and that the petitioner was there tried and found guilty by the jury, and was sentenced to pay a fine of twenty-five dollars and costs of prosecution, and if the same should not be paid within two days, then to be imprisoned in the common jail for this county six months, and if the fine should be paid within two days, then to be imprisoned in said jail three months, and stand committed accordingly ; that he paid said fine and costs within two days as specified in that sentence, and that he was now imprisoned in said jail and restrained of his liberty by the keeper of said jail by virtue of the sentence of the

municipal court. A copy of the record of the municipal court in this case was annexed to the petition, as well as a certificate of the clerk of the jail that the fine and costs had been paid.

*C. L. Hancock*, for the petitioner.

*G. P. Sanger*, for the respondent.

SHAW, C. J. The petitioner contends that the police court in this case under *St.* 1853, *c.* 196, § 1, could not punish by fine and imprisonment, but only by fine or imprisonment, and that the municipal court had no authority to impose any higher or larger punishment than the police court could have imposed. And in this respect, this court is clearly of opinion that the sentence of the municipal court was erroneous. It is the very nature and character of appellate jurisdiction, to revise the doings of another court, and to do that which the court below might have done and ought to have done. The municipal court, therefore, although they might have a larger original jurisdiction, had no authority as an appellate court, to do what the police court could not have done, and could not therefore sentence the petitioner to both fine and imprisonment.

The question then arises whether *habeas corpus* is an appropriate remedy. The error here is in the judgment of the municipal court, and not in the warrant issued thereon. The ordinary remedy is by writ of error, and there are many strong reasons why the prisoner should not usually be discharged by *habeas corpus* in such a case, and, therefore, our *habeas corpus* act, (Rev. Sts. *c.* 111, § 2,) provides that in such a case the party shall not be entitled to the writ as of right. One strong reason why a writ of error should be resorted to, is, that as the law now stands, if the judgment be found erroneous, the court may render such judgment as should have been rendered, (*St.* 1851, *c.* 87,) and when the error is found in some technical informality not affecting the merits of the case, this power of correcting the judgment is important.

But as the legislature could not foresee all the instances in which it might be proper to issue this writ, so important to the liberty of the subject, they vested a general discretion in

the court in all cases. It would not be enough that some time must elapse before a writ of error could be brought, for by *St.* 1842, *c.* 54, § 2, writs of error may be brought in any county, and are entitled to the same privilege as to the hearing thereof, as writs of *habeas corpus.* But here, looking into the whole record, we see that the judgment complained of is erroneous, inasmuch as the court had no power to punish by fine and imprisonment. The fine was imposed by the court below, and again on appeal by the court above, and has been paid. That part of the punishment has been suffered, and the remainder of the punishment is not warranted by law. It is somewhat analogous to the case of a jailer's holding a prisoner beyond the lawful time of his sentence. Here, although the error was in the judgment, still the error consisted in imposing any imprisonment after the fine had been imposed and paid. The only correction of the error would be in reversing and annulling that part of the judgment which imposed any imprisonment; upon such correction, no judgment would remain warranting the imprisonment, and the petitioner would be entitled to his immediate discharge from custody. This court, therefore, we think, in the exercise of the high powers conferred upon it in favor of personal liberty, may, with propriety, grant the writ of *habeas corpus,* and upon the return thereof, discharge the prisoner.

*Writ granted.*