DAVID PINGREE *vs.* GEORGE W. COFFIN & others.

The *St.* of 1852, *c.* 312, § 85, so far modifies the 27th rule in chancery of this court, that a commission to take testimony in an equity cause may issue, even after the expiration of four months from the filing of the replication.

IN this case, which was a suit in equity, the complainant, after the expiration of four months from the day when the replication was filed, applied for a commission to take the testimony of a witness residing out of the commonwealth. The respondents objected to the issuing of the commission, on the

ground that by the 27th rule in chancery of this court, (24 Pick. 416,) the cause must be considered as set down for hearing, and no further testimony could be taken.

*S. Bartlett,* for the complainant, contended that the rules of this court, as to the time and manner of taking depositions in chancery, were superseded and repealed by *St.* 1852, *c.* 312, § 85, providing that " In all proceedings in equity, the evidence shall be taken in the same manner as in suits at law, unless the court, for special reasons, shall otherwise direct."

*C. B. Goodrich,* for the respondents.

Shaw, C. J. There is no reason why the *St.* of 1852 should not have the same construction practically which it has literally. The words are, " The evidence shall be taken in the same manner " in equity as at law. That is to say, it is to be taken *viva voce* when it can be so taken, and when depositions would be allowed in an action at law, they may be taken in equity; and all the rules of law, as to the taking and filing of depositions at law, will apply in equity. And this statute necessarily supersedes the rules of court, as to the taking and filing of depositions in chancery. The complainant is, therefore, entitled to have a commission issue, as he would have been according to the established rule and practice at law, where testimony is to be taken out of the jurisdiction of the court.