.[No. 20580.   In Bank. — August 17, 1889.]

80   201
89   473

## In re FIL KI et al., on Habeas Corpus.

Contempt — Imprisonment — Hard Labor — Power of Supervisors — Police Regulation — Habeas Corpus. — A judgment of imprisonment for contempt of court cannot authorize or justify imprisonment at hard labor; nor have the board of supervisors any power to make a police regulation ordering persons imprisoned for contempt, or as a means adopted to enforce collection of a fine, to be worked on the streets or other public places.   A person committed for contempt will be discharged from hard labor on the streets upon writ of *habeas corpus,* but will not be discharged from imprisonment by reason of being put at such hard labor.

Id. — Criminal Nature of Contempt — Misdemeanor. — A contempt is a *quasi* criminal offense against the court, for which a party may be fined and imprisoned, as for a specific criminal offense, but it is not a misdemeanor in the strict sense of the term.

Application for a writ of *habeas corpus.*   The facts are stated in the opinion of the court.

*Frank M. Stone,* for Petitioners.

*E. A. Forbes,* and *A. L. Hart,* for Respondent.

Works, J.—This is an application for a discharge of the petitioners under a writ of *habeas corpus.*   The allegations of the petition tending to show the illegality of the alleged imprisonment are as follows:—

" That the petitioners were held by the supreme court of this state at first to be legally imprisoned, but since such holding the sheriff of said county of Yuba has placed petitioners *at hard labor daily;* that petitioners are held only by virtue of a warrant or judgment in contempt proceedings, and by no other warrant or judgment; that they are and each of them is *daily caused to labor at hard labor upon the county highways or otherwise;* that such hard labor for such (held) contempt of court is illegal, and in conflict with the substantial rights of said petitioners, in that the imprisonment is cruel and unusual (in most counties) for contempt for the court so holding by its judgment."

The sheriff makes return that he holds the petitioners by virtue of a judgment of the superior court of Yuba County, convicting the defendants of contempt of court in disobeying an order of injunction in a civil case, and adjudging that they pay a fine of five hundred dollars each, and that in default of payment thereof they be imprisoned in the county jail of said county at the rate of one day for each dollar of said fine until the same is fully paid and satisfied.

This judgment, it will be seen, only authorizes the imprisonment of the petitioners in the *county jail*, and that not *as a punishment*, but as a means of collecting such fine.

It was contended at the argument by the respondent that the detention of the petitioners at hard labor on the streets was justified and made lawful by a resolution of the board of supervisors of the county, by which it was provided that the sheriff should work and cause to be worked such convicted prisoners as were or might be confined in the county jail of said county.

Both the petition and return are so defective as not to present the real question intended to be presented, and which was argued at the hearing. The petition does not show that at the time the application for the writ was made the petitioners were imprisoned elsewhere than in the county jail, but that they "were daily caused to labor at hard labor."

The return is equally faulty, in that it does not allege that any order of the board of supervisors was made authorizing the working of the petitioners on the streets or other highways. But counsel on both sides seem to have regarded these defects as unimportant, and have conceded the facts as above stated, and we decide the question thus presented.

There was nothing in the judgment under which the petitioners were held authorizing their imprisonment or detention elsewhere than in the county jail, or justi-

fying the sheriff in putting them at hard labor.  If the judgment had provided for the kind of imprisonment now being imposed upon the petitioners, the judgment would have been void.  The code allows the imprisonment in the county jail until the fine imposed is paid or satisfied by such imprisonment, or otherwise, but does not authorize imprisonment at hard labor.  (Pen. Code, sec. 1446; *Ex parte Kelly*, 65 Cal. 154; *Ex parte Arras*, 78 Cal. 304.)

It is contended by the respondent that, under section 11 of article 2 of the constitution of this state, the board of supervisors might, as a police regulation, provide that prisoners in the county jail might be worked on the streets or other public places, and that, having made such an order, the sheriff was thereby justified in putting the prisoners at hard labor as therein provided for.  But this would be giving a remarkable construction to the constitutional provision relied upon.  If the board could add to the judgment of the court by ordering a prisoner to be worked on the streets, as a means of rendering his imprisonment less burdensome and expensive to the county, they might, on the same principle, order him to be hanged, thereby relieving the county entirely from the expense of his keeping.  The action taken by the board in this case was not an exercise of their police powers.  They are authorized by statute to make and enforce such an order where a prisoner is confined in the county jail under judgment of conviction of a misdemeanor.  (Stats. 1889, p. 239, sec. 30.)  But the imprisonment in this case was not *as a punishment*, but as a means of collecting a fine which was imposed as a punishment.

As we have seen, the court could not have authorized imprisonment at hard labor by its judgment, and it is equally clear that the board of supervisors could not, by its order, do what the court could not have done by its judgment.

The power to provide for the working of prisoners must be confined to such prisoners as are consigned to the county jail *as a punishment,* and not to cases where the punishment inflicted is a fine, and the imprisonment a means adopted for its collection. Beside, a contempt of court which is summarily tried by the court without the right of trial by jury is not a misdemeanor within the meaning of the section authorizing the working of prisoners. It is a *quasi* criminal offense against the court, for which a party may be fined and imprisoned as for a specific criminal offense, but it is not a misdemeanor in the strict sense of the term. (*Ex parte Ah Men,* 77 Cal. 198; *New Orleans* v. *Steamship Company,* 20 Wall. 392.)

For these reasons, the imprisonment of the petitioners at hard labor on the streets, or elsewhere than in the county jail, was unlawful, and from such imprisonment they must be discharged. But it does not follow that the petitioners must be discharged from the custody of the sheriff. They are properly in his custody under a judgment that has been held by this court to be valid, and by virtue of such judgment he is entitled to hold and confine them in the county jail.

It is therefore ordered that the petitioners be and they are hereby remanded to the custody of the sheriff of Yuba County, to be held and imprisoned by him in the county jail in accordance with the judgment under which they are held.

SHARPSTEIN, J., McFARLAND, J., Fox, J., and BEATTY, C. J., concurred.