[No. 20566. In Bank. — November 9, 1889.]

EX PARTE JAMES SYLVESTER ON HABEAS CORPUS.

CRIMINAL LAW — VIOLATION OF MUNICIPAL ORDINANCE — SENTENCE — UNLAWFUL IMPRISONMENT IN COUNTY JAIL — HABEAS CORPUS. — When a person convicted of the violation of a municipal ordinance which provides only for imprisonment in the city prison is sentenced to imprisonment in the county jail in case of non-payment of a fine imposed by the police court, the judgment of imprisonment in the county jail is a nullity, and the prisoner will be discharged from custody therein, upon *habeas corpus.*

APPLICATION to the Supreme Court for a writ of *habeas corpus.* The facts are stated in the opinion of the court.

*H. W. Bradley,* and *Ford & Burnell,* for Petitioner.

*Attorney-General Johnson,* and *J. N. Gillett,* for Respondent.

McFARLAND, J. —The petitioner, James Sylvester, was convicted in the police court of the city of Eureka of a violation of ordinance No. 55, ordained by the common council of that city, and sentenced to pay a fine of fifty dollars, and in case the fine was not paid, to be imprisoned in the county jail of Humboldt County in the proportion of one day for each dollar of the fine, and he was, under the judgment, delivered to the custody of the sheriff. The said ordinance prohibits the carrying of concealed weapons within the city limits, and provides that any person violating it "shall be fined in a sum not to exceed one hundred dollars, or imprisonment in the *city prison* not to exceed ten days, or by both such fine or imprisonment."

· Petitioner relies upon several grounds for his release, · but it is necessary to notice only one.

Whether or not, for a mere violation of a city ordiance, the common council could have legally provided for a judgment imprisoning petitioner in the county jail, an institution controlled by the supervisors, where additional penalties of hard labor, etc., were imposed, presents a question not necessary to be here determined. There was no attempt to exercise such power. The ordiance provided for imprisonment in the city prison, and it is clear that the judgment of imprisonment in the county jail was a nullity.

The petitioner is discharged from custody.

PATERSON, J., SHARPSTEIN, J., FOX, J., WORKS, J., THORNTON, J., and BEATTY, C. J., concurred.