[Crim. No. 109.   Department One.—May 27, 1896.]

## THE PEOPLE, RESPONDENT, *v.* CHARLES BROWN, APPELLANT.

CRIMINAL LAW—JUDGMENT OF IMPRISONMENT AND FINE—IMPRISONMENT TO SATISFY FINE—VOID PROVISION.—Where a judgment of imprisonment has been rendered, and also a judgment of fine, there can be no imprisonment to satisfy the fine, and that portion of such a judgment which provides for imprisonment to satisfy the fine is void.

ID.—CONSTRUCTION OF PENAL CODE—ENFORCEMENT OF FINE—JUDGMENT LIEN—EXECUTION.—Section 1205 of the Penal Code, which provides for imprisonment to satisfy a fine, only applies where there is no direct judgment of imprisonment; but section 1206, which makes a judgment imposing a fine a lien in like manner as a judgment for money in a civil action, and also section 1214, which provides that if a judgment is for a fine alone, execution may be issued thereon as on a judgment in a civil action, apply equally whether the judgment be one of fine coupled with a judgment for imprisonment, or whether it be simply a judgment of fine without a judgment of imprisonment.

APPEAL from an order of the Superior Court of Fresno County denying a motion to recall and quash an execution. STANTON L. CARTER, Judge.

The facts are stated in the opinion of the court.

*S. J. Hinds*, for Appellant.

It is only when judgment is for a fine alone, that an execution can issue in a criminal action. (Pen. Code, secs. 1214, 1215.)

*W. F. Fitzgerald*, Attorney General, *Henry E. Carter*, Deputy Attorney General, and *Charles H. Jackson*, Deputy Attorney General, for Respondent.

Section 1214 of the Penal Code is to be construed as applying to all cases where a fine is imposed without the alternative of imprisonment to satisfy the fine, whether in addition to or without a judgment of imprisonment. The judgment for imprisonment to satisfy the fine being void and of no effect, it leaves the fine standing alone, within the meaning of section 1212 of the Penal Code, and it may be enforced by execution. (*Grady* v. *Superior Court*, 64 Cal. 155.)

GAROUTTE, J.—This is an appeal from an order of the
lower court denying defendant's motion to recall and
quash the execution issued upon a judgment pronounced
upon the verdict of the jury finding the defendant
guilty of an assault with a deadly weapon, said execution
having been issued with the intention of collecting the
sum of seven hundred and fifty dollars, a fine imposed
by the court as part of its judgment. Said judgment
was to the effect that the defendant be punished by im-
prisonment in the county jail of the county of Fresno,
state of California, for a period of one year, and that he
pay a fine of seven hundred and fifty dollars, and in
default of the payment of the fine that he be imprisoned
in the said jail until said fine was paid, at the rate of
one day for each two dollars of the fine.

That portion of this judgment which provides that in
default of the payment of the fine the defendant should
be imprisoned until the fine be paid, at the rate of one
day for each two dollars of the fine, is void. This court
has repeatedly held that, where a judgment of imprison-
ment has been rendered, and also a judgment of fine,
there can be no imprisonment to satisfy the fine. (*Ex
parte Rosenheim*, 83 Cal. 388; *People* v. *Hamberg*, 84 Cal.
475; *Lowrey* v. *Hogue*, 85 Cal. 602.) There is nothing
to be found in *Ex parte Green*, 94 Cal. 387, which in any
way militates against the principle declared by the fore-
going authorities, as is contended by the attorney
general. A case then presents itself where a judgment
of both imprisonment and fine stands against the de-
fendant, and, in such a case, may the fine be collected by
forced sale and execution? The statute expressly author-
izes a judgment of both imprisonment and fine, and if,
in such a case, the fine may not be collected by levy of
execution and sale, it cannot be collected at all, for it is
not probable that a defendant will voluntarily pay a fine
in the absence of any penalty for its nonpayment, and,
the law being that it is nonenforceable by imprisonment,
it is a nullity as far as practical results are concerned,
unless it may be collected by a forced sale. And we

will not give such a construction to the law, if it is reasonably susceptible of any other.

We are then brought to an examination of the provisions of the Penal Code bearing upon the question at hand. Those sections read:

"SEC. 1205. A judgment that the defendant pay a fine may also direct that he be imprisoned until the fine be satisfied, specifying the extent of imprisonment, which must not exceed one day for every dollar of the fine.

"SEC. 1206. A judgment that the defendant pay a fine constitutes a lien in like manner as a judgment for money rendered in a civil action.

"SEC. 1214. If the judgment is for a fine alone, execution may be issued thereon as on a judgment in a civil action."

It will be be seen by the authorities previously quoted that section 1205 only applies where there is no direct and express judgment of imprisonment; that is, if there is a judgment of imprisonment coupled with a judgment of fine, then the fine is not enforceable by imprisonment. A fair construction of section 1206 is that, if the judgment be for a fine without the alternative of imprisonment, it constitutes a lien upon defendant's realty, and we think this construction equally sound whether the judgment be one of imprisonment and fine, or one simply of fine not coupled with a judgment of imprisonment. We likewise conclude the true meaning of section 1214 to be that, if there is a fine alone, that is, a fine without the alternative of imprisonment, then an execution may issue as in civil actions; and, as in section 1206, we think this is equally true whether the judgment be one of fine coupled with a judgment of imprisonment, or whether it be simply a judgment of fine without a judgment of imprisonment. By this construction the words, "if the judgment is for a fine alone," refer to a case where there is no alternative imprisonment to enforce the fine, and not to a case where there is a judgment of imprisonment coupled with the

fine.    By adopting this construction the sections all become a harmonious whole, and for every contingency contemplated by the legislative mind provision is made. For the foregoing reasons the order is affirmed.

Harrison, J., and Van Fleet, J., concurred.