[Crim. No. 196.  Third Appellate District.—March 1, 1906.]

## In re L. H. SULLIVAN, on Habeas Corpus.

CRIMINAL LAW—ASSAULT WITH DEADLY WEAPON—JUDGMENT—IMPRIS-ONMENT IN STATE PRISON.—Under section 17 of the Penal Code, the crime of assault with a deadly weapon is reduced to the grade of a misdemeanor when the court by its judgment imposes a fine as a punishment, and a provision therein for imprisonment in the state prison as means of enforcing payment of the fine is void.

ID.—JUDGMENT FOR FINE VALID.—Where a judgment imposing· a fine as a punishment for an assault with a deadly weapon also provides for imprisonment in the state prison as a means for enforcing its payment, the judgment as to the fine is valid.

ID.—DIRECTION FOR IMPRISONMENT NOT PART OF PUNISHMENT.—Where a judgment imposing a fine is rendered, the court, in its discretion, under section 1305 of the Penal Code, may direct that the culprit be imprisoned until the fine is satisfied. This direction and the committal incident thereto is the written mandate whereby the court undertakes to enforce its judgment. The imprisonment thus provided for is no part of the punishment, and the committal is simply a means of collecting the fine.

ID.—VACATION OF JUDGMENT—RENDITION OF NEW JUDGMENT.—Where a judgment imposes a fine as a punishment for an assault with a deadly weapon, also contains a void provision for imprisonment in the state prison as a means for its enforcement, and a written commitment conforming thereto is issued, under which the defendant is restrained, the power of the court is exhausted, and it is without jurisdiction thereafter to vacate the judgment and render another imposing the same fine, and designating the county jail as the place of imprisonment.

APPLICATION for a writ of *habeas corpus.*

The facts are stated in the opinion of the court.

W. A. Gett, for Petitioner.

T. B. Dozier, District Attorney, for Respondent.

McLAUGHLIN, J.—The petitioner was convicted of the crime of assault with a deadly weapon, and on December 22, 1905, the court rendered judgment that he pay a fine of

3 Cal. App.—13

$700, and directed that if said fine was not paid that he be imprisoned in the state prison at San Quentin until the fine was satisfied at the rate of $2 per day. Under the provisions of section 1215 of the Penal Code he was forthwith committed to the custody of the proper officer, and a commitment in the usual form was issued under seal of the court. Five days later, and before he was delivered to the officers of the said state prison, he was again brought into court, and, notwithstanding his objection, the said judgment was, on motion of the district attorney, vacated and set aside, and a second judgment was rendered which was identical with the first in every particular save that the county jail of Shasta county was designated as the place of imprisonment in case the fine was not paid. The motion above mentioned was based on the ground that the first judgment was "invalid, in excess of jurisdiction and voidable." The second judgment as set forth in the return recites the facts above narrated, except as to the issuance of the commitment on the day the first judgment was rendered. The petitioner is now confined in said county jail under the second judgment rendered, and claims his liberty on the ground that the court was without jurisdiction to vacate the first or render the second judgment.

The crime of assault with a deadly weapon is reduced to the grade of a misdemeanor when the court imposes a fine as punishment. (Pen. Code, sec. 17; *People* v. *Gray,* 137 Cal. 268, [70 Pac. 20].) Hence that portion of the first judgment which provided for imprisonment in the state prison as a means of enforcing payment of the fine was absolutely void. (*Ex parte Arras,* 78 Cal. 306, [20 Pac. 683]; *Ex parte Wadleigh,* 82 Cal. 520, [23 Pac. 190]; *People* v. *Brown,* 113 Cal. 37, [45 Pac. 181].) But the invalidity of this clause in the judgment did not vitiate that portion thereof imposing the fine. A person convicted of the crime in question may be punished (1) by imprisonment, (2) by imprisonment and fine, (3) by fine. It is thus apparent that a judgment imposing a fine only is perfectly valid. When such a judgment is rendered, the court, in its discretion, may direct that the culprit be imprisoned until the fine is satisfied. (Pen. Code, sec. 1205.) This direction and the commitment incident thereto is the written mandate or process by which the court

undertakes to enforce its judgment. The imprisonment thus provided for is no part of the punishment, for the statutory power of punishment is exhausted when the fine is imposed. The commitment is simply a means of collecting the fine. (*Matter of Tyler*, 64 Cal. 434, [1 Pac. 884] ; *In re Fil Ki*, 80 Cal. 202, [22 Pac. 146].) The clause directing imprisonment for this purpose is distinct and separable from the rest of the judgment, and its invalidity, and resulting elimination, can have no greater effect than if such direction had been omitted when the judgment was pronounced. (*Ex parte Mitchell*, 70 Cal. 3, [11 Pac. 488] ; *Ex parte Crittenden*, 62 Cal. 535.) The judgment imposing the fine being valid, the question before us involves the power of the court to vacate and set aside a valid judgment containing an invalid directory clause, and render a judgment imposing the same punishment, but containing a valid direction as to the place of imprisonment in case the fine is not paid. *Ex parte Gilmore*, 71 Cal. 624, [12 Pac. 800], is cited by respondent as sustaining the power of the court to take such action. But the facts in that case were very different from the facts disclosed by the record before us. There, the judgment first announced was in excess of jurisdiction, and hence was ''invalid and perhaps void.'' No judgment which the court had power to render having been pronounced, it was held that the court had power to render a proper and valid judgment. In the case at bar the judgment proper was clearly valid. The directory, or we might say the executory, clause alone was void. That decision, therefore, throws but little light on the problem before us, and *Fabretti* v. *Superior Court*, 77 Cal. 308, [19 Pac. 481], is not more helpful. After a careful, painstaking search, we have been unable to find any decision in this state bearing directly upon the point involved in this case.

The prevailing doctrine announced in other states is to the effect that a court has power to revise, correct or vacate a sentence imposed upon a defendant during the term of the court, and before the original sentence has gone into operation, or any action is had under it. (*Commonwealth* v. *Weymouth*, 12 Allen, 144, [79 Am. Dec. 776, and cases cited in the notes].) Granting the soundness of this rule, and conceding the power of the court to vacate, change or revise a

judgment within a reasonable time, and before it has been executed in whole or in part, we are still unable to uphold the judgment under which the petitioner is imprisoned. In *State* v. *Cannon*, 11 Or. 312, [2 Pac. 191], the facts were almost identical with the facts at bar, and the court said: "The question here is, Could the court revise its judgment and increase the sentence imposed, although during the same term, after its original judgment had gone into effect? It is clear upon authority that this cannot be done. When a sentence has been passed upon a defendant, and the judgment has gone into effect by commitment of the defendant under it, the court has done all that it had the legal power to do under the proceedings in that case." In *Commonwealth* v. *Foster*, 122 Mass. 323, [23 Am. Rep. 326], the court, after an exhaustive review of the authorities, English and American, held that the sentence might have been amended at the same term, and before any act had been done in execution thereof, but not afterward. In *Brown* v. *Rice*, 57 Me. 56, [2 Am. Rep. 11], it was said: "After conviction, if no legal bar is interposed, it is the duty of the court to award sentence, and after such sentence of imprisonment is pronounced and recorded on the docket, it is the duty of the court to issue a warrant to the sheriff or warden, directing him to take the convict into custody, and remove him to the designated place of confinement. When the court has done these acts it would seem to have done all that it had the legal power to do, and its power over the prisoner or his destiny, under the proceedings before it, would be at an end." It was there held that where a legal sentence was in process of execution, the court had no power to annul the first sentence and impose another. To the same effect are the cases of *McCarthy* v. *State*, 56 Miss. 295, *People* v. *Brown*, 23 Wend. (N. Y.) 47, *People* v. *Duffy*, 5 Barb. (N. Y.) 205, and *Ex parte Lange*, 18 Wall. (U. S.) 174. In some jurisdictions the correctness of the rule above mentioned is doubted or denied, but exhaustive research has failed to reveal a single case hinting that the power of a court extends beyond the limits outlined in the cases cited. Under the provisions of our Penal Code, the enforcement of a judgment imposing a fine commences the moment the judgment is rendered and entered. Such judgment constitutes a lien

on realty owned by the defendant, and in addition to this an execution may be issued thereon as on a judgment in a civil action. (Pen. Code, secs. 1206, 1214; *People* v. *Brown,* 113 Cal. 37, [45 Pac. 181] ; *People* v. *Sutter St. Ry. Co.,* 129 Cal. 548, [79 Am. St. Rep. 137, 62 Pac. 104].) If the court directs that the defendant be imprisoned until the fine is satisfied, commitment follows forthwith. (Pen. Code, sec. 1215.) In the case at bar it appears that a formal written commitment was issued, bearing date the same day the original judgment was rendered. This fact set forth in the petition is not traversed in the return. The moment legal restraint was imposed as a means of enforcing the payment of the fine, that moment the execution of the judgment was commenced, and the power of the court was exhausted, and its jurisdiction to recall, annul, or change its judgment was at an end. In our opinion the court must exercise the discretionary power conferred by section 1205 of the Penal Code, when the original judgment is rendered, or else the power to make the direction therein provided for is lost. The judgment originally rendered must, under the very terms of the statute, contain such direction, or else this method of enforcing payment of the fine does not exist. If the court had imposed a fine of $700 on petitioner, and said nothing about imprisonment until the fine was paid, it would hardly be contended that such direction could, for any reason or cause, be inserted at some subsequent time. If no such direction is made, the judgment can only be enforced as provided in sections 1206 and 1214. A void direction has the same effect, and in that event the methods of enforcing the judgment just mentioned are exclusive. The invalidity of the judgment last pronounced is apparent on its face, and hence the writ of *habeas corpus* will lie. (See California cases above cited.)

The prisoner is discharged from custody.

Chipman, P. J., and Buckles, J., concurred.