[Crim. No. 820. First Appellate District.—October 16, 1918.]

In the Matter of the Application of EDWIN BOUCHARD for a Writ of Habeas Corpus.

CRIMINAL LAW — VOID SENTENCE — INDETERMINATE SENTENCE LAW.— The indeterminate sentence law is *ex post facto* as to crimes committed before it took effect, and a sentence under it for such a crime was absolutely void.

ID.—RESENTENCE.—Where the defendant after having served a portion of such void sentence was brought back and resentenced for the term of one year, he not being an actor in bringing about the second sentence, that also was a void act.

ID.—HABEAS CORPUS—JUSTICE OF THE CASE.—Where subsequently in
*habeas corpus* proceedings initiated by the prisoner it appeared that
he had served over twelve months, the "justice of the case," under
section 1484 of the Penal Code, did not require that he should be
remanded for a valid sentence, and he should be discharged from
custody.

APPLICATION for Writ of Habeas Corpus directed to
the Warden of San Quentin State Prison.

The facts are stated in the opinion of the court.

Edwin Bouchard, *in pro. per.*, for Petitioner.

U. S. Webb, Attorney-General, and John H. Riordan,
Deputy Attorney-General, for Respondent.

STURTEVANT, J., *pro tem.*—The petitioner filed a peti-
tion for a writ of *habeas corpus,* seeking thereby to be dis-
charged from the custody of the warden of San Quentin state
prison. From the petition and the return thereto it appears
that heretofore an information was filed in the superior
court of San Diego County charging the petitioner with the
crime of robbery, alleged to have been committed on the
fourteenth day of March, 1917. The petitioner pleaded
guilty to the crime of grand larceny; October 4, 1917, he
was sentenced to "imprisonment in a state prison of the
state of California for the term prescribed by law"; he was
received at the prison October 6, 1917. Later, on the motion
of the district attorney of San Diego, the petitioner was
taken back to San Diego, and on May 13, 1918, he was sen-
tenced to "imprisonment in the state prison of the state of
California at San Quentin for the term of one (1) year";
and it is admitted that he has earned his credits under sec-
tion 1588 of the Penal Code.

Under these facts and the law applicable thereto, is the
petitioner entitled to be discharged?

The crime alleged against the petitioner was committed
before July 27, 1917, the date upon which the indeterminate
sentence law took effect, and as to him it is an *ex post facto*
law and not applicable. He should have been sentenced in
the first instance under the laws in effect when the crime was
committed. (*Ex parte Lee,* 177 Cal. 689, [171 Pac. 958].)

It is a common statement that a judgment is not void if the court pronouncing it has jurisdiction of the defendant and of the offense charged. (*Ex parte Gibson*, 31 Cal. 619, 627, [91 Am. Dec. 546]; *Ex parte Bigelow*, 113 U. S. 328, 330, 331, [28 L. Ed. 1005, 5 Sup. Ct. Rep. 542].) That rule has at least one well-defined qualification, which is that the judgment must be one which the trial court has power to pronounce. (*In re Bonner*, 151 U. S. 242, 258, [38 L. Ed. 149, 14 Sup. Ct. Rep. 323]; 1 Bailey on Habeas Corpus, sec. 51.) That qualification of the rule was not called to the attention of this court when it was considering the case of *Ex parte Silva, ante,* p. 98, [175 Pac. 481]. When the trial court, in passing the first sentence, applied the indeterminate sentence law to a crime committed before that law took effect, it attempted to exercise a power which had not been conferred on it, and such sentence was absolutely void. (*In re Bonner, supra; Ex parte Lee, supra.*) As the act was absolutely void the case then stood as though sentence had never been pronounced, and, therefore, a sentence could later be pronounced. Such was the rule before sections 1191 and 1202 of the Penal Code were amended in 1909 by Statutes of 1909, page 898 (*In re Smith,* 152 Cal. 566, 568, [93 Pac. 191]); and, as applicable to the facts now before us, the amendment to those sections did not change the rule. (*Ex parte Lee,* 177 Cal. 689, [171 Pac. 958].) As its judgment of October 4, 1917, was absolutely void the trial court, or any other court, could attack such judgment, either directly or collaterally. (*People* v. *Dodge,* 104 Cal. 487, [38 Pac. 203].) The trial court, therefore, had power on May 13, 1918, to vacate its former judgment, but the question then arises as to its power to enter a second judgment. If the defendant in a criminal case by appeal or *habeas corpus* causes a second sentence to be imposed upon himself ordinarily he will not be heard to claim twice in jeopardy. (*Commonwealth* v. *Murphy,* 174 Mass. 369, [75 Am. St. Rep. 353, 48 L. R. A. 393, 54 N. E. 860]; note to *In re Taylor,* as reported in 45 L. R. A. 136; *Marshall* v. *Texas,* and note, as reported in L. R. A. 1915A, 526.) When the defendant was not the actor in bringing about the second sentence the authorities hold that he should be discharged because a second sentence would place the defendant twice in jeopardy. In those cases it was said that the question did not turn on

whether the second judgment was entered during the term
or after the term, or whether the first judgment was valid or
void; but it depended upon whether the prisoner had served
a part of the term. (*Ex parte Lange*, 85 U. S. (18 Wall.)
163, 175, [21 L. Ed. 872]; *Feeley's Case*, 66 Mass. (12 Cush.)
598; *People* v. *Whitson*, 74 Ill. 20; *Re Jones*, 35 Neb. 499, [53
N. W. 468]; *Rutland* v. *State*, 14 Ga. App. 752, [82 S. E.
293]; *Smith* v. *Court*, 132 Iowa, 603, [11 Ann. Cas. 296, 109
N. W. 1085]; *State* v. *Meyer*, 86 Kan. 793, [Ann. Cas. 1913C,
278, 40 L. R. A. (N. S.) 90, and note, 122 Pac. 101]; *Rupert*
v. *State*, 9 Okl. Cr. 226, [45 L. R. A. (N. S.) 60, 131 Pac.
713]; *In re Johnson*, 46 Fed. 481; *State* v. *Warren*, 92 N. C.
828; *Grisham* v. *State*, 19 Tex. App. 514; *In re Sullivan*, 3
Cal. App. 193, [84 Pac. 781].)

In the case before us the prisoner had served nine months
when he was taken back for resentence. Such resentence
was, under the last authorities cited, a void act.

Finally, the question remains whether this court should
apply the rule in *Ex parte Lee, supra*, and remand for a valid
judgment to be entered. We think not. The facts are differ-
ent from the facts in Lee's case. Lee had served a very short
time when he applied. This petitioner has served over a
year. On October 4, 1917, the petitioner was in effect sen-
tenced for not less than one year nor more than ten. On
May 13, 1918, for the same offense the trial court again stated
its mind and fixed the punishment at one year which, allow-
ing credits, means ten months. But the petitioner has now
served over twelve months. It is the duty of this court to
"dispose of such party as the justice of the case may require."
(Pen. Code, sec. 1484; *In re Bonner*, 151 U. S. 242, 261, [38
L. Ed. 149, 14 Sup. Ct. Rep. 323]; *Feeley's Case*, 66 Mass.
600.) We do not hesitate in saying we think that the "jus-
tice of the case" does not require that the prisoner be re-
manded. The supreme court has remanded for further pro-
ceedings in some cases when it appeared from the record that
the petitioner had not served much of his term. In *Ex parte
Lee, supra*, the petitioner had been convicted of manslaughter
and had served only about four months. In *Ex parte Smith,
supra*, he had been convicted of burglary, but was still in the
custody of the sheriff and had served no time. Although the
judgment was void and the petitioner had served only a part
of his term, in other cases, he was discharged. (*Ex parte*

*Baldwin,* 60 Cal. 432; *Ex parte Bulger,* 60 Cal. 438; *Ex parte Bernert,* 62 Cal. 524; *Ex parte Kelly,* 65 Cal. 154, [3 Pac. 673]; *Ex parte Sylvester,* 81 Cal. 199, [22 Pac. 550]; *Ex parte Morton,* 132 Cal. 346, [64 Pac. 469]; *In re Sullivan,* 3 Cal. App. 193, [84 Pac. 781].)   Under the facts of this case we are not disposed to remand.   It is, therefore, ordered that the petitioner be discharged.

Lennon, P. J., and Beasly, J., *pro tem.,* concurred.