[No. 20060.    Department One.    October 29, 1926.]

*In the Matter of the Application of* F. C. St. Clair *For a Writ of Habeas Corpus.*[1]

[1] Criminal Law (202, 374)—Trial—Presence of Accused—Judgment—Entry.  Where the court pronounces a sentence of six months imprisonment and a fine of five hundred dollars, the provisions of Rem. Comp. Stat., §§ 2201, 2202, 2206, as to the manner of enforcing the fine by execution or by further imprisonment at the rate of three dollars per day, are no part of the punishment, and may be written into the formal judgment when the accused was not present without infringing his rights.

Application filed in the supreme court June 10, 1926, for a writ of habeas corpus to release a person held in custody upon conviction of the crime of assault in the third degree.  Denied.

*J. A. Kavaney,* for relator.
*Don G. Abel,* for respondent.

Askren, J.—Relator, after conviction by a jury, was sentenced in open court while personally present to pay a fine of five hundred dollars and costs, and serve six months in the county jail.  The written judgment and sentence of the court filed on the same day recites:

¹Reported in 250 Pac. 55.

". . . that he be punished therefor by imprisonment in the county jail of Lewis county, Washington, for the term of six months beginning November 30, 1925, and by the payment of a fine of $500, and the costs of suit, and that execution issue against the property of the defendant for the payment of said fine and costs, and on default of the payment of said fine and costs that he be imprisoned in said county jail until such fine and costs are paid at the rate of $3.00 per day."

The fine was not paid, and, after the expiration of the six months sentence, relator applied to this court for a writ of *habeas corpus* upon the ground that the written judgment of the court was different from that imposed orally by the court, and that, since he was not present at the time the court made its written sentence, he is illegally detained.

It is not contended that there was any attempt to re-sentence relator, unless the words of the written judgment which provided that, in lieu of payment of the fine and costs, he shall be imprisoned at the rate of three dollars per day, are to be held as providing for additional or different punishment than that imposed orally in relator's presence.

The applicable statutes are as follows: Rem. Comp. Stat., §§ 2200, 2201, and 2206. [P. C. §§ 9311, 9312, 9317].

"Sec. 2200. When the defendant is adjudged to pay a fine and costs, the court shall order him to be committed to the custody of the sheriff until the fine and costs are paid or secured as provided by law.

"Sec. 2201. Upon a judgment for fine and costs, and for all adjudged costs, execution shall be issued against the property of the defendant, and returned in the same manner as in civil actions.

"Sec. 2206. If any person ordered into custody until the fine and costs adjudged against him be paid shall not, within five days pay or cause the payment of the same to be made, the clerk of the court shall issue

a warrant to the sheriff commanding him to imprison such defendant in the county jail until such fine and costs are paid, or until he has been imprisoned in such jail one day for every three dollars of such fine and costs; but execution may at any time issue against the property of the defendant as in other cases.''

[1] It will be readily seen that the only punishment inflicted by the court for the offense of which relator was found guilty was six months in jail and a fine of five hundred dollars. The provision which merely follows the statute as to the manner of the payment of the five hundred dollars is no part of the punishment. Relator's presence was necessary when the sentence of punishment was pronounced, but the directions of the court as to the manner of the collection or payment of the fine, being no part of the punishment, could be entered in the written judgment in his absence.

In *In re Tyler*, 64 Cal. 434, 1 Pac. 884, the court said:

''In the exercise of its jurisdiction it imposed a fine of $500, and that exhausted its statutory power of punishment. But the committal was not an additional punishment; it was simply the written mandate or process by which the court undertook to enforce its judgment. A judgment of fine is enforceable by an execution as on a judgment in a civil action, (Section 1214, Penal Code; section 1006, Code Civil Proc.;) A person against whom such a judgment has been pronounced, has, therefore, the privilege, under the law, of paying it either by money or by imprisonment. If he pays in money there can be no commitment. If he refuses to pay in that way, the commitment follows as an incident to the judgment, until the judgment has been complied with according to law. Sections 1215, 1459, *supra; Ex parte Crittenden,* 7 Pac. C. L. J. 483.''

In *In re Sullivan,* 3 Cal. App. 193, 84 Pac. 781, the court construed the effect of a void clause providing for the means of payment of a fine, saying:

"It is thus apparent that a judgment imposing a fine only is perfectly valid. When such a judgment is rendered, the court, in its discretion, may direct that the culprit be imprisoned until the fine is satisfied. Pen. Code, § 1205. This direction and the committal incident thereto is the written mandate or process by which the court undertakes to enforce its judgment. The imprisonment thus provided for is no part of the punishment, for the statutory power of punishment is exhausted when the fine is imposed. The committal is simply the means of collecting the fine. *Matter of Tyler*, 64 Cal. 434, 1 Pac. 884; *In re Fil Ki*, 80 Cal. 202, 22 Pac. 146."

This case is clearly distinguishable from *Anderson v. Denver*, 265 Fed. 3, where a court sentenced the defendants to a term of four years in the penitentiary; later they were brought into court and sentenced to a term of twenty years; still later, and in their absence a sentence of fifteen years was imposed. In that case, the sentence being imposed in their absence was void. Here, the relator was sentenced in open court, and the final written judgment filed thereafter neither changed nor added to, for the manner of the payment of the fine was but an incident thereto.

The writ is denied.

TOLMAN, C. J., FULLERTON, BRIDGES, and HOLCOMB, JJ., concur.