[No. 22815. Department Two. November 18, 1930.]

THE STATE OF WASHINGTON, on Relation of George T. Crockett, Plaintiff, v. H. G. SUTTON, as Judge of the Superior Court for Kitsap County, et al., Respondents.[1]

[1]Reported in 293 Pac. 469.

308

*Wright & Catlett,* for relator.
*James W. Bryan,* for respondents.

BEALS, J.—George T. Crockett, relator herein, was tried before the superior court for Kitsap county for an offense against the laws prohibiting the possession, sale, etc., of intoxicating liquor. He was by the jury found guilty of the crime of possession of intoxicating liquor with intent to sell; and, upon his motion for a new trial being overruled, the court orally announced that Mr. Crockett was fined three hundred dollars and costs, and sentenced to serve ninety days in the county jail, the jail sentence to be suspended upon payment of the fine and costs and during good behavior. From this pronouncement of judgment and sentence, Mr. Crockett gave in open court oral notice of appeal. In due time, the record on appeal having been filed here, the state moved to dismiss Mr. Crockett's appeal as prematurely taken, which motion was granted. *State v. Crockett,* 158 Wash. 152, 290 Pac. 873.

Subsequent to the statement of judgment and sen-

tence above referred to, which was made December 2, 1929, the superior court, December 16, 1929, entered a formal written judgment and sentence embodying the oral pronouncement above referred to. After the going down of the remittitur upon the dismissal of Mr. Crockett's appeal, he, August 30, 1930, filed in the superior court his motion to set aside the formal judgment entered by that court December 16, 1929, above referred to, upon the ground that the judgment was signed by the court in the absence of the defendant. In support of this motion, Mr. Crockett filed his affidavit, in which it was stated that he was not present in court December 16, 1929, when the formal judgment was signed. The motion to set aside the judgment having been regularly noticed for hearing, and counsel for the state having filed an affidavit setting forth certain facts in connection with the subject-matter of the motion, and other affidavits having been filed, the court, after a full hearing, denied Mr. Crockett's motion to set aside the judgment.

Thereafter Mr. Crockett filed in this court his verified petition praying for an alternative writ of mandate directing the trial court to enter an order setting aside the judgment of December 16, 1929, and for a writ prohibiting the sheriff of Kitsap county from enforcing the judgment. An alternative order having been entered and served upon the defendants, the matter was argued both orally and on briefs.

It appearing that plaintiff and relator had mistaken his remedy, which should have been by way of an application for a writ of review, in which proceeding the record made before the trial court upon Mr. Crockett's motion to set aside the judgment of December 16, 1929, could be certified before us for consideration, this court, on its own motion, directed that relator's application for a writ of mandate should be considered as

an application for a writ of certiorari, and directed the trial court to forward to this court, for consideration and review, a record of the proceedings had before it upon the motion above referred to. This order having been complied with, and the record being now before us, we proceed to an examination of the questions presented.

This matter will be considered as though the judge of the superior court, whose order overruling relator's motion to set aside the judgment above referred to is sought to be reviewed, were the sole party respondent.

■ In the first place, respondent moves to dismiss this proceeding upon the ground that the same was not prosecuted within the time limited by law. The proceeding having been instituted to obtain a review of the order of the superior court denying relator's motion to vacate the judgment of December 16, 1929, and the order overruling the motion having been filed September 24, 1930, relator's petition, having been presented to this court September 30, 1930, was timely filed.

■ Supplementing the statement of facts as contained in the decision of this court dismissing the relator's appeal (State v. Crockett, supra), we find that, after the oral pronouncement of judgment and sentence, made by the trial court in the presence of the defendant Crockett December 2, 1929, the trial court, December 16, 1929, in the absence of the defendant, signed a formal written judgment embodying the judgment and sentence orally pronounced in open court, defendant being present. Just when relator learned of the entry of this formal written judgment is in dispute. For the purposes of this opinion, we assume that he learned of the entry thereof within a comparatively short time after the same was entered. Relator contends that, as this court has held that an oral pro-

nouncement of judgment will not afford any basis for an appeal to this court when a formal written judgment is thereafter entered (*Strickland v. Rainier Golf & Country Club,* 156 Wash. 640, 287 Pac. 900; *State v. Crockett, supra*), Rem. Comp. Stat., § 2196, *infra,* must refer to the signing of the formal written judgment, that being the only judgment from which a defendant may appeal.

The following sections of Rem. Comp. Stat. are pertinent to the question under discussion:

"Section 2187: When the defendant is found guilty, the court shall render judgment accordingly and the defendant shall be liable for all costs, unless the court or jury trying the cause expressly find otherwise."

"Section 2190: After verdict of guilty or finding of the court against the defendant, if the judgment be not arrested or a new trial granted, the court must pronounce judgment."

"Section 2196: For the purpose of judgment, if the conviction be for an offense punishable by imprisonment, the defendant must be personally present; if for a fine only he must be personally present, or some responsible person must undertake for him to secure the payment of the judgment and costs; judgment may then be rendered in his absence."

"Section 2198: When the defendant appears for judgment, he must be informed by the court of the verdict of the jury, and asked whether he have any legal cause to show why judgment should not be pronounced against him."

By the opinions in the two cases last above cited, it has been definitely determined that, for the purpose of review in this court by appeal, the judgment of the superior court is the final written decision, or sentence, as the case may be, embodying the determination by the court of the issues presented in a given case for adjudication. In the case of *State ex rel. Echtle v. Card,* 148 Wash. 270, 268 Pac. 869, it was held

that an oral pronouncement of judgment and sentence by the court and its suspension, all in open court, no formal written judgment having been signed, is not conclusive on the court and does not, in view of Rem. Comp. Stat., §§ 2187 and 2190, *supra,* and the established practice in this state, preclude the superior court from further considering the matter and signing a written judgment varying from the oral pronouncement.

Under the decisions above referred to, it must be held that § 2196, *supra,* applies to the entry of the formal written judgment which, and no other, is *the judgment* in the case. While the judgment of December 16, 1929, recites that the defendant Crockett was present in court when the same was signed, it clearly appears from the record, and is practically a conceded fact in this proceeding, that he was not so present in court, but that on the contrary the judgment was signed during his absence. The issue, then, is here squarely presented, as to whether a judgment in a criminal proceeding, in which the accused has been found guilty of an offense punishable by imprisonment, is subject to be vacated upon motion, if the same was signed in the absence of the defendant.

Section 2196, *supra,* has been the law of this jurisdiction ever since 1854. It embodies a principle based upon reason and sound policy, and should be construed in such manner as to carry into practice the evident intention of the legislature that no man may, in his absence, be sentenced to imprisonment for any offense of which he may have been found guilty. A holding to the effect that a judgment of guilty and sentence of imprisonment could be signed in the absence of the accused would deprive the defendant of all opportunity to give that oral notice of appeal from the judgment which the statute manifestly intends such de-

fendant shall have the right to give should he desire to do so. In this connection the case of *Ex parte Lyde,* 17 Okl. Cr. 618, 191 Pac. 606, is of interest.

Respondent relies upon the opinion of this court in *In re St. Clair,* 140 Wash. 675, 250 Pac. 55. This was an original application for a writ of habeas corpus filed in this court on behalf of F. C. St. Clair, who had been sentenced for some offense to pay a fine of five hundred dollars and costs and serve six months in the county jail. This sentence was orally pronounced by the judge in the presence of the defendant, and, later on the same day, a written judgment was signed and filed, embodying the same sentence, but including a provision to the effect that, on default of the payment of the fine and costs, Mr. St. Clair be imprisoned in the ''county jail until such fine and costs are paid at the rate of $3 per day.'' After the expiration of the six months' sentence, Mr. St. Clair applied to this court for a writ of habeas corpus, and sought his discharge upon the ground that the written judgment of the court differed from that imposed orally, and that, since he was not present at the time the written judgment was signed, he was entitled to his discharge. It does not appear that any application to the trial court to vacate the written judgment was made on behalf of Mr. St. Clair, he contending that under the record he was entitled to an absolute discharge. The relator contended that the written judgment added something to the oral judgment and sentence, and this court held that such was not the case, as the manner of the payment of the five hundred dollar fine constituted no part of the punishment. The questions urged by Mr. St. Clair in support of his application for a writ of habeas corpus differ materially from those presented here, and the case is not controlling as to the matters now to be determined.

314

It seems clear that it must be held that, under § 2196, *supra,* a defendant in a criminal proceeding, who has been convicted of an offense punishable by imprisonment, must be present in court at the time the final judgment of the court, embodying the judgment of guilty and the sentence imposed thereon, is signed.

Counsel for respondent in the case at bar urges that, because the relator in this proceeding attempted to appeal to this court from the oral pronouncement of judgment and sentence, and apparently treated the same as a valid judgment, he cannot now successfully attack the later written judgment. We find no merit in this contention. This relator doubtless misunderstood the effect of the oral judgment of the court, but that no wise deprived him of his legal right to be present in court at the time the subsequent written judgment was signed, and his right to attack this latter judgment by motion within the time limited by law still remained to him.

Counsel seems to argue that, if it be held that relator's contention is well taken, persons who have heretofore been convicted of crime may in some manner obtain their discharge from custody and escape punishment. Whether or not such may be the case has nothing to do with the merits of this proceeding. The legal rights of one accused of crime must be determined regardless of the effect which such determination may have upon others who may also have been convicted.

We fail to see, however, that any such result as that anticipated by counsel can occur, as, while a judgment of guilty, and sentence imposed pursuant thereto, signed in the absence of the defendant, may be subject to successful attack by him, the vacation of such a judgment on motion would not call for the release of the defendant, but simply require the entry

of a new judgment and sentence, in the entry of which the requirements of law shall be followed. *Ex parte Lyde, supra.* The judgment against relator is valid on its face and good until attacked; the judgment is, however, subject to such an attack as relator waged thereon.

We conclude that, upon the record before us, it appears that the trial court erred in denying relator's motion to vacate the judgment of December 16, 1929. The order of the superior court sought to be reviewed in this proceeding is reversed and the cause remanded with instructions to grant relator's motion to set aside the judgment entered December 16, 1929, and proceed to resentence relator according to law.

MITCHELL, C. J., FULLERTON, MILLARD, and BEELER, JJ., concur.

