SHAW, P. J., Concurring.
I concur, but only by reason of the array of California cases cited in the main opinion following People v. Rosenheim, (1890) 83 Cal. 388 [23 Pac. 372], All of the other California decisions are based on the Rosenheim case, and for the most part their authors, following the illustrious example of the Light Brigade at Balaklava, deemed it “theirs not to reason why”, merely citing the Rosenheim case. The decision in the Rosenheim case says in effect that “a judgment that the defendant pay a fine” is not a judgment that the defendant pay a fine, so far as section 1205 of the Penal Code is concerned, if it also imposes on him other punishment. This conclusion is reached in part from a consideration of certain other sections of the *Supp. 767 Penal Code, in none of which I can see anything tending to support the conclusion. The line of reasoning appears to be that, since there are three possible forms of judgment in a criminal case, one of imprisonment alone, one of fine and imprisonment, and one of fine alone, the legislature must have intended in section 1205 to deal with one of these only, hence when it said, “a fine”, it really meant, “a fine alone”—although when it intended that idea in section 1214 it thought to use the word “alone”. This argument proves too much, for if the legislature was undertaking, in the sections relating to enforcement of judgments, to deal with these forms of judgment separately, it has failed to provide any means of enforcing the imprisonment at all when the judgment is of both fine and imprisonment—that form not being separately enumerated in section 1215, which provides for commitments. Moreover, in one of the cases following the Rosenheim ease (People v. Brown, (1896) 113 Cal. 35, 37 [45 Pac. 181]) the court conceded that the same words used in section 1205 did, when used in section 1206 (as it then stood), include a judgment of both fine and imprisonment. Reading between the lines of the decisions, the inference may readily be drawn that the court was startled at the length of the imprisonment which could be imposed under section 1205 for nonpayment of a fine and was seeking some means to prevent it, at least in part. But, while I see good reasons for disagreeing with this line of decisions, I realize that this court is not competent to overrule the decisions of the higher courts, nor do I think we should ignore and evade a rule so well established as this one is, even though deemed by us erroneous. At one time I thought these cases might be distinguished on the ground that they purported to deal only with section 1205, while on a misdemeanor charge in an inferior court we are concerned only with section 1446, and I so ruled in a habeas corpus case; but on further consideration I have reluctantly come to the conclusion that such distinction cannot be maintained. One of the cases, Lowrey v. Hogue, (1890) 85 Cal. 600 [24 Pac. 995], actually dealt with section 1446, although the opinion does not so state; and that section also was the one governing the subject-matter of the Rosenheim case, although that fact seems not to have been suggested to the court. The words to be construed are identical in both sections, and section 1446 has twice been amended since the decisions construing section 1205 were made, without any *Supp. 768 change o'f language, from which it may be concluded that the legislature was satisfied with this construction and intended to adopt it. (Treiman v. Kennon, (1934) 139 Cal. App. (Supp.) 796, 798 [30 Pac. (2d) 636].) For these reasons I concur in the decision herein.