THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES F. WORMUTH, Relator, *v.* EARL J. DANIELS, Sheriff of Broome County, New York, Respondent.

County Court, Broome County, November 2, 1938.

*Charles P. O'Brien*, for the relator.

*Daniel J. McAvoy, District Attorney* [*John R. Normile, Assistant District Attorney*, of counsel], for the respondent.

MacClary, J. The above-named relator heretofore and on or about August 10, 1938, was convicted, on his plea of guilty in the City Court of Binghamton, for a violation of section 148 of the Public Welfare Law of the State of New York.

Thereupon the City Court did adjudge and determine that " said James F. Wormuth should be imprisoned in the Broome County Jail for 100 days and ordered to make restitution to City of Binghamton $276.04 payable $25.00 a month, failure to make restitution to serve one year in the Broome County Jail."

This proceeding was instituted by the relator to inquire into his detention in the Broome county jail under such sentence, claiming that the said sentence was illegal.

Two questions arise for decision. Was such sentence illegal and void *in toto;* or was it partly legal and partly illegal and separable?

Obviously, the City Court had no right or power to impose such a sentence or render such a judgment.

Section 717 of the Code of Criminal Procedure provides as follows: " When the defendant pleads guilty, or is convicted either by the court or by a jury, the court must render judgment thereon, of fine or imprisonment, or both, as the case may require; but the fine cannot exceed fifty dollars, nor the imprisonment six months, except where otherwise provided by law or ordinance."

However, subdivision 5 of section 143 of the City Court Act gives the City Court power to impose a greater sentence than is authorized by section 717 of the Code of Criminal Procedure above quoted. The provisions of said section 143, subdivision 5, of the said City Court Act are as follows: " The city judge and the City Court shall have power upon conviction for a misdemeanor, to impose a sentence of imprisonment not exceeding one year in a county jail or penitentiary or a fine not exceeding five hundred dollars, or both such fine and imprisonment, with further imprisonment if such fine is not paid, not exceeding one day for each dollar of fine unpaid, except where a different punishment is prescribed by law."

The charge against the relator being a misdemeanor, the court could have imposed a sentence under said section 143, subdivision 5, of the City Court Act of one year in the Broome county jail, or a fine of $500 with further imprisonment not exceeding one day for each dollar of the fine unpaid, or both such fine and imprisonment.

But it went beyond its power and limitations in providing for restitution to the city of Binghamton of the amount of money and at the rate herein mentioned, and further provided for certain other additional term of imprisonment upon failure to make such restitution. This it had no legal right to do.

The only case where the City Court has a right to order restitution to be made is one where a sentence is suspended or sentence given and execution of the judgment suspended, in either of which cases the court may make restitution one of the conditions for the suspension. (See Code Crim. Proc. § 718; also § 483, subd. 2.)

Not only is the sentence apparently illegal, but likewise ambiguous. It is difficult for me to determine from a reading of the sentence just what the intention of the City Court was as to the amount of punishment of the relator.

The district attorney while admitting that portion of the sentence relating to restitution is erroneous, yet he contends the sentence of one hundred days in jail was proper and authorized by law and that the sentence is legally separable, basing such claim upon the fact that the City Court had authority to sentence the relator to Broome county jail for a period not exceeding a year and, therefore, the sentence of one hundred days in Broome county jail was authorized and legal and not subject to attack by a writ of habeas corpus. With that theory I am inclined to agree. See the cases which have been cited where sentences were declared void as unauthorized, as in *People* v. *Carter* (48 Hun, 165); *People ex rel. Stokes* v. *Risley* (38 id. 280); *People ex rel. Knowlton* v. *Saddler* (2 N. Y. Crim. 438); *People ex rel. Johnson* v. *Webster* (92 Hun, 378); *People ex rel. DeVoe* v. *Kelly* (97 N. Y. 212), and other cases where a portion of the sentence was declared valid and the remainder invalid, as *Matter of Lange* (18 Wall. [U. S.] 163); *Matter of Sullivan* (3 Cal. App. 193; 84 P. 781); *Reese* v. *Olsen* (44 Utah, 318; 139 P. 941); *People ex rel. Tweed* v. *Liscomb* (60 N. Y. 559); *People ex rel. Trainor* v. *Baker* (89 id. 460).

I have, therefore, decided and do decide that the said sentence is separable and that portion thereof where the relator was given one hundred days in the Broome county jail is valid and the remainder thereof invalid.

Thus arises the question: What disposition should be made of the application of the relator for a writ of habeas corpus at this time?

Inasmuch as the legal part of the sentence of the relator has now been served, and further, because as that court ceased to exist for the purposes of that case when the judgment was pronounced and certificate of conviction made, and cannot be reorganized to take further proceedings in the matter of that prosecution of the relator, and it is, therefore, not possible to remand the relator to the City Court for resentence, it is my opinion that the writ of habeas corpus should be sustained and the relator discharged. Accordingly, an order to that effect may be presented for signature.