Evangelista Berríos Cortés, Petitioner and Appellant, v. Sixto M. Saldaña, Warden of the Insular Penitentiary, Respondent and Appellee.

No. 8693. Argued March 8, 1943.—Decided March 15, 1943.

*Evangelista Berríos Cortés, pro se. R. A. Gómez, Prosecuting Attorney (Fiscal),* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for respondent.

Mr. Justice Travieso delivered the opinion of the court.

Petitioner is confined in the Insular penitentiary by virtue of a judgment rendered on July 8, 1942, by the District Court of Arecibo, finding him guilty of murder in the second degree and sentencing him to twelve years in the penitentiary.

On November 30, 1942, appellant filed a petition for a writ of habeas corpus in the District Court of San Juan. His petition having been dismissed, he brought the present appeal.

The background of the case is the following:

On March 8, 1937, Evangelista Berríos was convicted of the crime of murder in the second degree and sentenced by

the District Court of Arecibo to a penalty of twelve years in the penitentiary. On February 13, 1942, we reversed the judgment of the District Court of San Juan dismissing the petition for a writ of habeas corpus filed by Berríos, and in its stead we rendered judgment discharging the prisoner, because the judgment for the service of which he was held under custody had been rendered without jurisdiction. We ended our judgment by saying: "All this without prejudice to any right on the part of the People of Puerto Rico to prosecute the petitioner for the crime charged against him." *Berríos* v. *Saldaña*, 59 P.R.R. 895.

On May 13, 1942, appellant was again arrested and again accused of the same crime of murder and on July 8, of said year, he was convicted and sentenced to the penalty of 12 years which he is now serving in the Insular Penitentiary.

The reasons alleged in support of the petition are the following:

That a person who has been discharged by means of a writ of habeas corpus, can not be arrested again for the same cause, except (*a*) when he is arrested by virtue of a legal warrant or order; (*b*) when the discharge was based on lack of evidence and there is sufficient evidence when he is again arrested; and (*c*) when it was based on some defect in the warrant and he is again arrested by virtue of a legal warrant. .

That appellant having been arrested and accused under the same evidence as in the previous trial, the second information has placed him twice in jeopardy for the same crime.

That when the first judgment rendered by the District Court of Arecibo was annulled, necessarily the information which served as basis for said judgment was also annulled, for which reason he could not be prosecuted again on the basis of a void information.

The lower court did not err in refusing to grant the discharge sought by appellant. The original judgment rendered

against petitioner on March 8, 1937, was annulled by the Supreme Court for the reason that accussed was not properly represented by counsel at the arraignment and for the reason that the existence of such a right in his favor was not called to his attention. A judgment rendered without complying with these requisites is void for lack of jurisdiction, in accordance with the decisions in *Johnson* v. *Zerbst*, 304 U. S. 458, followed by this Supreme Court in *Ex Parte Hernández*, 54 P.R.R. 396, and *People* v. *Muriel*, 57 P.R.R. 896.

In 22 C.J.S. 378 the rule which we consider applicable to the case at bar is found:

"A person is not put in second jeopardy unless his prior acquittal or conviction was by a court having jurisdiction to try him for the offense charged. The court must be one having jurisdiction not only of the offense but also of accused, which has been obtained by due process based upon legal proceedings. However, the judgment of a court having jurisdiction is a bar to a subsequent prosecution for the same offense, even though the court erred in exercising a discretion vested in it; . . . Where accused procured a prior conviction to be set aside on the ground that the court was without jurisdiction, he is estopped subsequently to assert, in support of a defense of previous jeopardy, that such court had jurisdiction."

See *In Re Bouchard*, 38 Calif. App. 441, 443, 176 P. 692; 16 C. J. 257, §423.

The judgment appealed from must be affirmed.

Mr. Justice De Jesús did not participate herein.