EVANGELISTA BERRÍOS CORTÉS, peticionario y apelante, *v.* SIXTO M. SALDAÑA, JEFE DEL PRESIDIO INSULAR, demandado y apelado.

Núm. 8693.—*Sometido:* Marzo 8, 1943. *Resuelto:* Marzo 15, 1943.

*Evangelista Berríos Cortés,* por su propio derecho; *R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

El peticionario apelante se encuentra recluído en la Penitenciaría Insular por virtud de una sentencia dictada en julio 8, 1942 por la Corte de Distrito de Arecibo, declarándole culpable de asesinato en segundo grado y condenándole a doce años de presidio.

En noviembre 30 de 1942 el así convicto Evangelista Berríos radicó una petición de hábeas corpus ante la Corte de Distrito de San Juan. Y habiendo sido declarada sin lugar su petición, estableció el presente recurso.

Los antecedentes de este caso son los siguientes:

En marzo 8 de 1937, Evangelista Berríos fué convicto de un delito de asesinato en segundo grado y sentenciado por al Corte de Distrito de Arecibo a la pena de doce años de presidio. En febrero 13 de 1942 revocamos la sentencia por la cual la Corte de Distrito de San Juan declaró sin lugar una petición de hábeas corpus radicada por Berríos, y en su lugar dictamos otra decretando la libertad del prisionero, por haberse dictado sin jurisdicción la sentencia en cumplimiento de la cual se le retenía bajo custodia. Al final de nuestra sentencia añadimos: "todo sin perjuicio de los derechos que pueda tener El Pueblo de Puerto Rico para perseguir al peticionario por el crimen que se le imputa". *Berríos* v. *Saldaña,* 59 D.P.R. 903.

En mayo 13, 1942 el peticionario apelante fué arrestado nuevamente y acusado del mismo delito de asesinato, y en julio 8 del citado año fué convicto y sentenciado a la pena de doce años de reclusión que ahora cumple en la Penitenciaría Insular.

Los fundamentos de la petición en el presente caso son:

Que una persona que ha sido excarcelada mediante auto de hábeas corpus no puede ser detenida nuevamente por la misma causa, excepto (*a*) cuando se le arreste en virtud de mandamiento u orden legal; (*b*) cuando la excarcelación se basó en falta de pruebas y se le arresta de nuevo con pruebas suficientes; y (*c*) cuando se basó en defecto en la orden de arresto y se le arresta nuevamente en virtud de un mandamiento legal.

Que habiendo sido el apelante arrestado y acusado con la misma prueba del juicio anterior, la segunda acusación le ha puesto dos veces en *"jeopardy"* por el mismo delito.

Que al ser anulada la primera sentencia dictada por la Corte de Distrito de Arecibo, necesariamente quedó anulada también la acusación que motivó dicha sentencia, razón por la cual no se le podía procesar nuevamente a base de una acusación nula.

La corte inferior no erró al negarse a decretar la excarcelación del peticionario apelante. La sentencia original dictada contra el peticionario en marzo 8 de 1937 fué anulada por esta Corte Suprema por el fundamento de no haber estado el acusado asistido de abogado al serle leída la acusación y no habérsele advertido de la existencia de ese derecho a su favor. Una sentencia dictada sin que se hayan cumplido esos requisitos es nula por falta de jurisdicción, de acuerdo con lo resuelto en *Johnson* v. *Zerbst,* 304 U. S. 458, seguido por esta Corte Suprema en *Ex-Parte Hernández Laureano,* 54 D.P.R. 416 y *El Pueblo* v. *Muriel,* 57 D.P.R. 914.

En 22 C.J.S. 378 encontramos la regla que consideramos aplicable al caso de autos:

"Una persona no queda expuesta por segunda vez a menos que su anterior absolución o convicción haya sido dictada por una corte con jurisdicción para juzgarle por el delito de que se le acusaba. La corte debe ser una que tenga jurisdicción no solamente sobre el delito sí que también sobre el acusado, la cual ha sido obtenida mediante el debido proceso basado en procedimientos legales. Sin embargo, la sentencia de una corte con jurisdicción para dictarla es un impedimento para un proceso subsiguiente por el mismo delito, aún cuando la corte hubiese cometido error al ejercitar una discreción que le hubiere sido conferida; . . . Cuando el acusado ha conseguido la anulación de una convicción anterior por el fundamento de que la corte carecía de jurisdicción, él está impedido para alegar más tarde, en apoyo de una defensa de *'previous jeopardy',* que dicha corte tuvo jurisdicción".

Véase: *In Re Bouchard,* 38 Calif. App. 441, 443, 176 P. 692; 16 C. J. 257, sec. 423.

*La sentencia recurrida debe ser confirmada.*

El Juez Asociado Señor De Jesús no intervino.