Manuel Reyes Oyola, peticionario y apelante, *v.* Gerardo Delgado, etc., demandado y apelado.

*Número:* A.P–62–59 *Resuelto:* 11 de marzo de 1963

*Manuel Reyes Oyola, pro se.* J. B. *Fernández Badillo, Procurador General, y* Rodolfo Cruz Contreras, *Sub-Procurador General,* abogados del apelado.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

PER CURIAM: En *Reyes* v. *Delgado,* 81 D.P.R. 937, anulamos las tres sentencias de reclusión perpetua y otra de 15 años de presidio que le habían sido impuestas al acusado y ordenamos la celebración de un nuevo juicio.

Al comparecer nuevamente el acusado ante el Tribunal Superior, Sala de Humacao, le fue rebajada la calificación de los delitos de asesinato en primer grado a asesinato en segundo grado y el acusado formuló alegación de culpabilidad. Dicho Tribunal procedió a dictar sentencia imponiéndole penas de presidio de 15, 13 y 10 años para ser cumplidas consecutivamente.(1)    Más tarde el acusado-apelante radicó un *hábeas corpus* ante el mismo Tribunal ale-

---

(1) No se le impusieron penas indeterminadas al acusado porque a la fecha de la comisión del delito la ley de sentencias indeterminadas no estaba vigente. *Cf. Emanuelli* v. *Tribl. de Distrito,* 74 D.P.R. 541.

gando que tales sentencias eran nulas porque el Tribunal carecía de facultad para imponerle sentencias consecutivas, de conformidad con el Art. 31 del Código Penal de Puerto Rico, vigente en 1939, que obligaba al juez a imponer sentencias concurrentes. El Tribunal denegó la solicitud de *hábeas corpus* y el acusado apeló para ante este Tribunal.

Argumentando en contra del recurso, el Procurador General se expresa así:

"Es un principio conocido de derecho que la persona convicta de un delito que obtenga mediante hábeas corpus la anulación de la sentencia condenatoria contra ella dictada, fundada en la falta de jurisdicción de la corte para dictarla en la causa seguídale, no puede alegar que se le ha expuesto por segunda vez al ser nuevamente arrestada y acusada de ese delito. *Berríos* v. *Saldaña,* 61 D.P.R. 583 (1943). Véase cuan similar son los hechos del caso citado y los del caso del epígrafe.

En *Pueblo* v. *García García,* Recurso 16,829, Opinión de 8 de septiembre de 1961, ha expresado este Hon. Tribunal que cuando se deja sin efecto una sentencia a iniciativa de un acusado 'el Tribunal sentenciador está en condiciones de volver a dictar sentencia sin que en forma alguna se infrinja la disposición constitucional que impide que se sentencie a una persona dos veces por el mismo delito'. Expresa dicho caso además, que en tal situación el Tribunal sentenciador puede aun imponer una pena que resulte mayor de la que se le impuso cuando por primera vez fue sentenciado.

"Es obvio que al momento de pronunciar sentencia el Hon. Tribunal *a quo* estaba facultado para imponerlas en forma consecutiva.

"La Ley 108 de 12 de mayo de 1943, que derogó el artículo 31 del *Código Penal,* dispuso en su sección 2 que al pronunciar sentencia el juez podrá determinar si el término de prisión impuesto en la misma deberá cumplirse consecutivamente o si, por el contrario, dicho término de prisión deberá cumplirse concurrentemente con cualquiera o cualesquiera otros términos de prisión; en la sección 5 estatuyó que cuando la corte no dispusiere el modo en que debe cumplirse el término de prisión, el mismo se cumplirá consecutivamente.

"Como ya hemos señalado, en el presente caso el Hon. Tribunal dispuso que las sentencias habrían de cumplirse consecutivamente."

*Aceptamos la anterior argumentación y en su consecuencia resolvemos que por ser correcta la sentencia dictada por el Tribunal Superior, la misma deberá ser confirmada.*